**[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 1.]**

CLEVELAND BAR ASSOCIATION *v*. SHAFRAN.

[Cite as *Cleveland Bar Assn. v. Shafran*, 1998-Ohio-593.]

*Attorneys at law—Misconduct—Two-year suspension with entire sanction stayed on conditions—Termination of law office's employees' pension plan and transferring money to own account.*

(No. 97-2647—Submitted February 18, 1998—Decided May 13, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-20.

_____

{¶ 1} In December 1994, pursuant to procedures approved by the Internal Revenue Service and the United States Department of Labor, respondent, Michael Shafran of Cleveland, Ohio, Attorney Registration No. 0028991, terminated the pension plan for his employees, and, because of financial difficulties in his law practice, transferred funds in excess of $100,000 from the plan to his own account. Most employees were paid their pension amounts, but two of his employees, Tressa Bannerman and Barbara A. Rechford, did not receive their vested benefits. Bannerman filed a grievance with the relator, Cleveland Bar Association, on October 17, 1995.

{¶ 2} Sometime after October 1995, Bannerman's benefits were paid in full, and respondent was and is negotiating settlement of Rechford's claim to benefits. On February 18, 1997, relator filed a complaint against respondent, charging that his actions in terminating the pension plan and transferring money to his own account constituted a violation of the Disciplinary Rules.

{¶ 3} Respondent filed an answer, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), which received testimony and a stipulation of the parties.

{¶ 4} The panel concluded that respondent's conduct violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 102(A)(6) (engaging in conduct that adversely reflects upon the attorney's fitness to practice law). The panel also heard mitigating evidence. From his youth, respondent suffered from Tourette's syndrome and other related disorders, which led to chemical dependency. However, since January 1997, respondent has been in a contract with Ohio Lawyers Assistance Program ("OLAP") and under constant monitoring. He attends Alcoholics Anonymous meetings three times a week, and his random drug test results have been negative since they began in March 1997.

{¶ 5} The panel recommended that respondent be suspended from the practice of law for two years with the entire two years stayed, provided (1) that he be monitored by relator, (2) that he be under the continual care of a psychiatrist selected by relator, (3) that he notify relator of any complaints by any person with any disciplinary authority against him, (4) that he fulfill the OLAP contract program, and (5) that he make restitution to his former employee, on terms satisfactory to relator. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*John S. Pyle* and *Rose Marie Fiore,* for relator.

*J. Michael Drain,* for respondent.

_____

**Per Curiam.**

{¶ 6} We adopt the findings, conclusions, and recommendation of the board. The record clearly indicates respondent's sincere attempt at rehabilitation. Respondent is hereby suspended from the practice of law for two years with the entire two years stayed, provided (1) that he be monitored by relator, (2) that he be under the continual care of a psychiatrist selected by relator, (3) that he notify

relator of any complaints by any person with any disciplinary authority against him, (4) that he fulfill the OLAP contract program, and (5) that he make restitution to his former employee, Rechford, on terms satisfactory to relator. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————